**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| TARSIA MADDOX, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| BALTIMORE POLICE | * |
| DEPARTMENT ET AL., | * |
| Defendants. | * |

Civil No. 25-4200-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff Tarsia Maddox ("Plaintiff") brought suit against the Baltimore Police Department ("BPD"), Wendy Morton ("Morton"), and Consuelo Laws ("Laws") (collectively "Defendants") alleging claims arising under 42 U.S.C. §§ 1983 and 1985. ECF 1. Pending before the Court is Plaintiff's motion to extend time to serve defendant Consuelo Laws and for alternative service (the "Motion"). ECF 25. Plaintiff's Motion includes a memorandum of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

## I.   **BACKGROUND**

On December 19, 2025, Plaintiff filed the underlying complaint. ECF 1. Although Plaintiff has completed service on BPD and Morton, *see* ECFs 22 and 23, she has encountered difficulties serving Laws. The deadline to serve Laws passed on March 19, 2026, ECF 25-1, at 1, and that same day, Plaintiff filed the Motion. ECF 25.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

According to Plaintiff, she has unsuccessfully attempted service on Laws via a process server at least nine times between January 26, 2026 and March 4, 2026, including at Laws' former place of work, former address, and current address. ECF 25-1, at 1–2. On January 26, 2026, the process server attempted service at Laws' place of work but was informed that Laws was no longer employed there. *Id.* at 1. On February 5, 2026, the process server attempted service at an address associated with Laws but was informed that she had moved to 7837 Meadover Avenue, Parkville, MD 21234. *Id.* at 2. Then, on February 14, 2026, when preparing to attempt service at the new address, the process server learned that the 7837 Meadover Avenue address did not exist. *Id.* The process server attempted to call Laws, but Laws did not respond. *Id.*

Plaintiff did not give up. She directed the process server to serve Laws at 7837 Wendover Avenue, Apartment 2, Parkville, Maryland 21234 on February 20, 21, 24, 27, and March 1 and 4, 2026. *Id.* On the February 21 attempt, "the process server spoke with an individual who identified themselves as a resident of the address and confirmed that Defendant Laws lived at the address but was not available at that time." *Id.* During the most recent attempt at service at the 7837 Wendover Avenue address on March 4, 2026, the process server encountered Laws, but Laws refused service. *Id.* According to Plaintiff, the process server "observed a vehicle at the address which is registered to Defendant Laws." *Id.* The process server also "spoke with an individual who he was able to confirm by photograph was Defendant Laws," who said "she was aware people had been coming by and that she did not want any documents." *Id.* Laws refused to accept service and stated, "I don't want this document, not this time, and I don't want it." *Id.*

## II.    LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure governs service on an individual. Rule 4(e)(2) provides that an individual "within a judicial district of the United States" may be served a summons and complaint by personal delivery, delivery to an agent authorized to receive service

2

of process, or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Rule 4(e)(1) provides, in pertinent part, that an individual defendant may also be served pursuant to "state law . . . in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1); *see also Hecker v. Gamer*, Civ. No. 22-cv-2152-JMC, 2023 WL 1415957, at *1 (D. Md. Jan. 31, 2023) ("[An] individual may be served by any means allowed by the state where the district court is located *or* the state where service is to be effected." (emphasis added) (citations omitted)).

In Maryland—the state where the District Court is located and where service is to be made—service of process may be effected upon an individual by personal delivery, "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion," or by mailing these documents to the individual "by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a). Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Additionally, when "proof is made by affidavit that good faith efforts to serve the defendant pursuant to [Md. Rule 2-121(a)] have not succeeded and that service pursuant to [Md. Rule 2-121(b)] is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c); *see also Vinny's Towing & Recovery v. KBI Sols., LLC*, Civ. No. 24-1044-BAH, 2024 WL 4826250, at *2 (D. Md. Nov. 18, 2024).

3

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "If good cause is not shown, the Court may still choose to extend the time for service but is not required to do so." *Grier v. U.S. Dep't of Hous. & Urban Dev.*, Civ. No. PWG-21-2165, 2022 WL 17467671, at *2 (D. Md. Dec. 6, 2022) (citing *Davis v. Univ. of N. Carolina at Greensboro*, WLO-19-661, 2022 WL 3586093, at *4 (M.D.N.C. Aug. 22, 2022)).

Finally, "[t]o pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *3 (D. Md. Sept. 1, 2023) (first citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996)). This Court has before recognized that "[w]hile personal service is the preferred method, Maryland Rule 2-121(c) allows the Courts to customize a method of service specifically for the situation before it." *Fid Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. 12-148-PWG, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013).

## III.    ANALYSIS

Plaintiff asks for an extension of time to serve Laws and authorization for alternative service, specifically first-class mail, certified mail restricted delivery, and posting the papers on the door at 7837 Wendover Avenue, Apartment 2. ECF 25-1, at 3–4.

The Court first concludes that Plaintiff has established good cause to extend the deadline for service. "Good cause is generally shown where the plaintiff has been diligent and has been

4

unable to properly serve the defendant on account of external factors." *Spinks v. Maryland*, Civ. No. MJM-23-3184, 2024 WL 4122222, at *3 (D. Md. Sept. 9, 2024).   Here, the record reflects that Plaintiff has made diligent, good faith efforts to serve Laws, and that service has not been completed based on external factors such as Laws' evasion of service. *See* ECF 25-2 through ECF 25-7. Moreover, the modest extension of 30 days that Plaintiff seeks is reasonable. As Plaintiff has shown "good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

With respect to alternative service, the Court notes that one of the requested methods of alternative service—certified mail restricted delivery—is authorized by the Maryland Rules and could have been completed during the 90-day service period without court approval. *See* Md. Rule 2-121(a)(3). Moreover, when the process server encountered a resident of Laws' household at the 7837 Wendover Avenue address, assuming that person was of suitable age and discretion, the process server could have completed service under both the Maryland and Federal rules at that time by "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion." Md. Rule 2-121(a)(2); *see also* Fed. R. Civ. P. 4(e)(2).

Nevertheless, the Court concludes that alternative methods of service are warranted here. As noted, Plaintiff has made good faith efforts to serve Laws via private process server on at least nine occasions. *Cf. Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *2 (D. Md. Sept. 1, 2023) (granting motion for alternative service after nine unsuccessful service attempts). The process server's encounter with Laws on March 4, 2026 suggests that Laws is taking "affirmative steps to evade service." *Cf. Scott v. Lori*, Civ. No. ELH-19-2014, 2020 WL 4547960, at *3 (D. Md. Aug. 6, 2020). As Plaintiff is permitted by the

5

Maryland rules to serve Laws via certified mail restricted delivery, that method of service is approved. *See* Md. Rule 2-121(a)(3). The Court notes that "[s]ervice by certified mail under this Rule is complete upon delivery." *Id.*

Moreover, pursuant to Maryland Rule 2-121(b), Plaintiff has provided an affidavit showing that Laws has "acted to evade service," *see* ECF 25-7, at 1–2, and asks that the Court approve alternative service methods of first-class mail and posting the papers on the door at the 7837 Wendover Avenue Address. ECF 25-1, at 4. "When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *LPUSA, LLC v. Wheelz Up Garage, Inc.*, Civ. No. DKC-24-1385, 2024 WL 4252986, at *3 (D. Md. Sept. 20, 2024) (quoting *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. PWG-12-148, 2013 WL 12423808, at *2 (D.Md. Feb. 15, 2013)). In accordance with the Maryland rules, the Court concludes that the nail-and-mail method, along with certified mail restricted delivery, is "appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c).

Accordingly, service will be authorized on Laws through the requested methods of first-class mail, certified mail restricted delivery, and posting the papers on the door at 7837 Wendover Avenue, Apartment 2, Parkville, Maryland 21234. Plaintiff must serve Laws via all three authorized methods within 30 days of the date of this order.

## IV.   CONCLUSION

For these reasons, it is this 23rd day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1) Plaintiff's motion to extend time to serve Defendant Consuelo Laws and for alternative service, ECF 25, is GRANTED;

2) The time for Plaintiff to serve Laws is extended through and including thirty (30) days after the date of this Order;

3) Plaintiff shall serve Laws with the summons, the complaint, all papers filed with the complaint, and a copy of this order through the following three methods:

   a. Mailing the papers by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery" to 7837 Wendover Avenue, Apartment 2, Parkville, Maryland 21234;

   b. Mailing the papers via first-class mail to the same address; and

   c. Posting a copy of the same papers on the entrance door of the same address;

4) Service shall be deemed complete on the date the last of the foregoing acts is accomplished;

5) Within seven (7) days of completing service, Plaintiff shall file proof of compliance with this order; and

6) Laws shall answer or otherwise respond within twenty-one (21) days after service is deemed complete.

Dated: April 23, 2026

_____/s/_____
Brendan A. Hurson
United States District Judge

7